**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JACOB HALL,

Plaintiff,

v.

VANESSA FANG,

Defendant.

Case No. 26-2656-KHV-RES

**REPORT & RECOMMENDATION**

On October 20, 2026, pro se Plaintiff Jacob Hall filed a two-sentence Complaint[1] that states in full: "Defendant Vanessa Fang repeatedly participated in illegal activities. The Court should investigate Vanessa Fang's bank transactions and cash flow." ECF No. 1 at 1. The Complaint contains no statement of the grounds for the Court's jurisdiction, which is required by Fed. R. Civ. P. 8(a)(1), nor can the Court discern any basis for jurisdiction here because it not apparent what claims Plaintiff is attempting to pursue based on the two sentences included in the pleading. For the reasons explained below, the Magistrate Judge recommends that the District Judge dismiss this case for lack of subject matter jurisdiction and deny as moot Plaintiff's motion to proceed in forma pauperis, ECF No. 2.

"[F]ederal courts unquestionably have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Havens v. Colorado Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (internal quotations omitted). If

---

[1] The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the Court determines that it lacks subject matter jurisdiction, it "must dismiss the [case] *at any stage* of the proceedings . . . ." *Penteco Corp., Ltd. P'ship v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (emphasis original). The party seeking to invoke federal subject matter jurisdiction bears the burden of establishing that jurisdiction is proper. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Conclusory allegations of jurisdiction are insufficient. *See United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1162 (10th Cir. 1999). The basis for jurisdiction "'must appear on the face of a plaintiff's well-pleaded complaint.'" *Coando v. Coastal Oil & Gas Corp.*, 44 F. App'x 389, 395 (10th Cir. 2002) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Complaint does not contain any basis for jurisdiction. It does not identify any federal statute providing for jurisdiction, and it does not allege any facts sufficient to establish diversity jurisdiction. As stated above, Plaintiff has not identified what claim he is attempting to pursue, whether that claim arises under federal law or state law, or any facts that plausibly state any claim. Under these circumstances, sua sponte dismissal is appropriate. *See Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018). Additionally, a PACER search also reveals that a Jacob Hall has sued a Vanessa Fang in multiple other cases filed in federal district court this month, which suggests an abuse of the legal process. [2]

---

[2] In another recent pro se case filed against Vanessa Fang and other individuals in this District, the Court recognized numerous similar cases across the nation:

> The Court is also aware of dozens of similar cases following the same pattern that have been filed in federal courts all over the country, including this one. *See, e.g.*, *Alexander v. Hill-Kearse*, Case No. 2:26-cv-02040-HLTBGS (D. Kan.); *Williams v. Jimenez*, Case No. 6:26-cv-01005-HLT-BGS (D. Kan.); *Sullivan v. Pacheco*, Case No. 2:26-cv-02048-KHV-BGS (D. Kan.); *Adams v. Jimenez*,

For the reasons explained above, the Magistrate Judge recommends that the District Judge dismiss this case for lack of subject matter jurisdiction and deny Plaintiff's IFP motion, ECF No. 2, as moot. The Court finds that it would be futile to provide Plaintiff with an opportunity to amend because it is not apparent what recognized claim Plaintiff is attempting to pursue that this Court would have jurisdiction to hear.

* * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If Plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will

---

> Case No. 5:26-cv-04008-TC-BGS (D. Kan.); *see also Tucker v. Mcclanahan*, 2026 WL 396438, at *1 (C.D. Ill. 2026) (discussing identical cases). Though the name of the plaintiff changes, most appear targeted at members of the judiciary or others in New York. The complaints often include just a brief conclusory allegation and no facts. The motions to proceed in forma pauperis are also similar across cases. The signatures seem intentionally nondescript. The addresses listed for the plaintiffs are from all over the country but seem to result in undeliverable mail. And regardless of the return address for the plaintiff, the case-opening documents are usually mailed from New York. This case shares many of these traits and suggests an abuse of the legal process, as other courts have noted. *See Alexander v. Hill-Kearse*, 2026 WL 353616, at *1 (W.D. Va. 2026); *see also Tucker*, 2026 WL 396438, at *2 ("Certainly, where a plaintiff files the same complaint with the same three meager allegations—really just the barest possible sentences—in over 32 courts within just days of each other, that plaintiff intends to harass either the defendant, the given court, or both."). Thus, in addition to the host of substantive issues with this case outlined above, this also supports sua sponte dismissal.

*Garcia v. Wilson*, No. 26-2414-HLT-ADM, ECF No. 3 at 3-4 (D. Kan. July 21, 2026).

be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated: October 26, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge